```
 1  MCGREGOR W. SCOTT
    United States Attorney
 2  LAUREL D. WHITE
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-
 5
 6
 7              IN THE UNITED STATES DISTRICT COURT
 8            FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
10  UNITED STATES OF AMERICA,   ) CASE NO. CR.S-03-0241-GEB
                                )
11              Plaintiff,      ) GOVERNMENT'S MOTION PURSUANT TO
                                ) RULE 35 OF THE FEDERAL RULES OF
12      v.                      ) CRIMINAL PROCEDURE TO REDUCE
                                ) DEFENDANT'S SENTENCE; PROPOSED
13  CARL THOMAS JEPSON,         ) ORDER.
                                )
14              Defendant.      )
    _____)
15
```

16    Pursuant to Rule 35 of the Federal Rules of Criminal
17 Procedure, the government, represented by Assistant U.S. Attorney
18 Laurel D. White, hereby moves for a reduction in the defendant,
19 Carl Jepson's sentence from the 24 months imposed, to a sentence
20 of 12 months and a day imprisonment.

21    Rule 35 of the Federal Rules of Criminal Procedure provides
22 in part that "Upon the government's motion made within one year
23 of sentencing, the court may reduce a sentence if: (A) the
24 defendant, after sentencing, provided substantial assistance in
25 investigating or prosecuting another person".

26    Defendant Jepson was sentenced by this court on March 3,
27 2006, to 24 months imprisonment for his conviction of health care
28 fraud, 18 U.S.C. § 1347.  Following his sentencing, on July 13,

2006, the defendant was debriefed by FBI Special Agent John Sommercamp.  Mr. Jepson had asked for the meeting because he had information he thought might be helpful to the FBI's investigation of others engaged in fraudulent conduct.  I have spoken with Agent Sommercamp and reviewed his summary of Mr. Jepson's statement and believe that the defendant has provided substantial assistance which would justify a reduction in his sentence to 12 months and a day.

According to Agent Sommercamp, Jepson identified three targets involved in a conspiracy to commit identity theft. Jepson also provided additional information concerning the illegal, black market sale of Serostim, and identified a Los Angeles-based doctor who provided prescriptions for the drug through his office.  Jepson also provided the name of an individual who referred potential patients to the doctor for Serostim prescriptions, and the name of a pharmacy that distributes the drug to those patients.  Agent Sommercamp has verified much of information provided by Jepson and believes the information has been of substantial assistance in his investigations of other targets. Accordingly, the government requests a reduction from the 24-month sentence imposed by this court on March 3, 2006, to a sentence of 12 months and a day.

On September 13, 2006, the government contacted Assistant Federal Defender Dennis Waks, counsel for Carl Jepson, and informed him of the government's intent to ask the Court to reduce Mr. Jepson's sentence pursuant to Rule 35.  When informed that the government would be asking for a sentence of 12 months and a day, Mr. Waks said he did not object and would file a

response to that effect.  Mr. Waks also indicated there was no need for a hearing if the Court decided to grant the government's motion, and said his client would waive his presence.

Date: September 13, 2006                Respectfully submitted,

                                        MCGREGOR W. SCOTT
                                      United States Attorney

                                  By   //s// Laurel D. White
                                      LAUREL D. WHITE
                                      Assistant U.S. Attorney

**ORDER**

For the reasons stated in the Government's motion to reduce defendant Carl Jepson's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, the Court finds that defendant has provided substantial assistance to the government, and hereby grants the government's motion.  Accordingly, the defendant's sentence of imprisonment shall be reduced from the previously imposed 24-month sentence, to 12 months and one day.

IT IS SO ORDERED.

Dated:  September 19, 2006

                                      /s/ Garland E. Burrell, Jr.
                                      GARLAND E. BURRELL, JR.
                                      United States District Judge